### PARKER v. NELSON.

There being evidence supporting the verdict for cancellation of deeds as obtained by fraud and deception, it was not an abuse of discretion to refuse a new trial.

No. 5485. OCTOBER 18, 1926.

Equitable petition. Before Judge W. E. Thomas. Thomas superior court. May 29, 1926.

*J. W. Craigmiles* and *W. H. Hammond,* for plaintiff in error. *Titus & Dekle,* contra.

BECK, P. J. Mrs. E. L. Nelson brought her petition against Parker, praying for injunction and for cancellation of two deeds executed by the plaintiff and purporting to convey lands described therein. The ground upon which cancellation was sought was

---

Appeal and Error, 4 C. J. p. 864, n. 34.

that plaintiff's signature to the instruments had been obtained by fraud and deception practiced upon her by the defendant grantee, it being alleged that he "falsely and fraudulently represented [the written instruments] to be a lease and contract for her support;" that she had but recently learned that these instruments were not what the defendant had represented them to be, but were instead warranty deeds conveying the lands described in the writing in fee simple; that petitioner confided and believed in the representations made to her by the defendant; that she was aged, infirm, and illiterate; and, being anxious to have some provision made for her support, did then and there "make her mark" to the papers, the contents of which were unknown to petitioner, but which were explained to her by the defendant as being the lease and contract necessary to be signed by petitioner in order that she might be supported by the defendant in consideration of her allowing him to rent and use the premises described in the deed. The defendant in his answer denied the allegations of fraud, and alleged that the writings in question were read over to the plaintiff and that she understood them. These allegations of fraud and deception and the denial of them by the defendant made the issue which was submitted to the jury in the court's charge. The jury returned a verdict for the plaintiff, decreeing that the deeds be cancelled. The defendant made a motion for a new trial, based upon the grounds that the verdict was without evidence to support it, contrary to the evidence, and contrary to law. This motion was overruled.

It does not appear that the court abused its discretion in overruling the motion for a new trial based upon the grounds stated; as there was evidence to support the verdict.

<em>Judgment affirmed. All the Justices concur.</em>